UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MONIQUE ADAMS, individually and on behalf of her minor child D.A.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-2471** |
| **SOUTHWOOD REALTY D/B/A COPPER CREEK APARTMENTS, ET AL.** | * | **SECTION "L"(5)** |

### ORDER AND REASONS

Before the Court are the Motion to Supplement Petition for Removal of Defendant, Southwood Realty d/b/a Copper Creek Apartments, and the Motion to Remand of Plaintiff, Monique Adams.[1] Both motions came for hearing on August 17, 2005. For the following reasons, the Motion to Supplement Petition for Removal is DENIED, and the Motion to Remand is GRANTED.

### I. Factual and Procedural Background

This case arises out of injuries sustained by D.A., minor child of the Plaintiff, Monique Adams. On March 11, 2004, D.A. was diagnosed with lead poisoning. At the time of the diagnosis, D.A. and the Plaintiff lived in an apartment owned by Defendant Southwood Realty. The period of the Plaintiff's tenancy was February 2 to November 16, 2004. Plaintiff attributes the harm suffered by her minor child to Defendants Southwood Realty, the owner of the apartment building, ABC Insurance Company, Southwood's liability insurer, and Donna Davis,

---

[1] Both Plaintiff and Defendants in this case have filed motions that include the full name of the minor child involved in this case. These motions are not in compliance with the Eastern District Notice Concerning Personal Identifiers, issued April 9, 2003. That Notice requires parties to refer to minor children using only their initials. If the full name is required, the parties may file their pleadings under seal.

Southwood's apartment manager. Plaintiff alleges that Defendant Donna Davis, the manager of the apartment building, was the only Defendant who interacted with the Plaintiff, executed the lease documents, and failed to deliver the required lead paint disclosures to the Plaintiff.

Plaintiff filed the present suit on March 3, 2005 in the Civil District Court for the Parish of Orleans, Louisiana. Plaintiff alleges that her child has suffered severe physical injuries, including permanent neurological damage, due to the lead poisoning. Plaintiff seeks a wide range of damages on behalf of herself and her child, including past and future medical expenses, pain and suffering, remedial education expenses, loss of future earnings, permanent disability, loss of quality of life, and loss of parental consortium.

Defendant Southwood Realty removed the case to this Court on June 17, 2005 and premised removal upon the Court's diversity jurisdiction under 28 U.S.C. § 1332. Southwood Realty is a North Carolina corporation with its principal place of business in North Carolina. Defendant Donna Davis and the Plaintiff are Louisiana citizens. Although there is a non-diverse defendant in the case, Southwood Realty argues that Donna Davis has been fraudulently joined to defeat diversity; thus, Southwood argues that diversity jurisdiction is proper.

On July 15, 2005, Plaintiff filed the present Motion to Remand. On July 26, 2005, Defendants filed the present Motion for Leave to File Supplemental and Amending Petition for Removal. These motions came for hearing before the Court on August 17, 2005.

## II. Plaintiff's Motion to Remand

Plaintiff seeks remand on two grounds. First, Plaintiff alleges that the Notice of Removal contains a "fatal procedural defect" in that it contains no allegation of the amount in controversy. Second, Plaintiff argues that Donna Davis, the non-diverse defendant, is properly

joined, so there is no diversity jurisdiction. The Court notes two additional defects. Defendants' Notice of Removal may not have been filed timely. Also, not all Defendants have joined in or consented to the removal; only Southwood Realty has removed the case. Because the allegation of fraudulent joinder is dispositive of the parties' motions, the Court will only reach that issue.

### a.     Fraudulent Joinder

Title 28, United States Code, Section 1441(b) provides that a case filed in a state court is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a removing plaintiff must demonstrate that all defendants in the case are completely diverse from the plaintiffs, and that none of the defendants are citizens of the state in which the action was filed. On its face, Plaintiff's Petition for Damages fails to meet the standard of Section 1441(b). Donna Davis is not diverse from the Plaintiff, and she is a citizen of Louisiana, where the action was filed.

However, Defendants allege that Donna Davis was joined solely to defeat federal diversity jurisdiction. District courts have a duty to inquire whether parties are improperly or collusively joined, either to create diversity jurisdiction or to destroy jurisdiction. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). The Fifth Circuit has recognized two ways in which a party may be improperly or fraudulently joined: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The instant case concerns the second method of improper joinder. Under this method, joinder is improper if "there is no reasonable basis for the district court to predict that the

plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The district court generally conducts a Rule 12(b)(6)-type analysis to determine whether the plaintiff has stated a cause of action against the in-state defendant. *Id.* In rare cases involving defective allegations in pleadings, a district court may pierce the pleadings and conduct a summary-judgment type inquiry. *Id.* Also, "the party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

The Court finds that Defendants have not met their evidentiary burden of proving improper joinder in this case. Plaintiff brought suit against Donna Davis because she allegedly "was the person most familiar with the condition of plaintiff's residence, knew of the condition of the lead paint in plaintiff's residence, and was personally responsible for the maintenance and repair of plaintiff's residence." Petition for Damages ¶ VI. Moreover, Ms. Davis allegedly failed to provide lead paint disclosures to the plaintiffs at the time of the execution of the lease, in violation of law. *Id.* at ¶ VII.

On its face, these allegations state a claim against Donna Davis. Under Louisiana law, individual liability of an employee for a work-related function can exist if there was breach of a personal duty of care to the plaintiff. *Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973) *superseded by statute on other grounds as stated in Walls v. American Optical Corp.*, 1998-0455 (La. 9/8/99), 740 So.2d 1262. This breach of a personal duty arises when an employer has a duty of care to the plaintiff, that duty is delegated to the employee, the employee breaches that duty through personal fault, and the breach of that duty caused the plaintiff's damages. *Canter*, 283 So.2d at 721. If the responsible employee knew or should have known that the employer's duty was not performed, and failed to cure the risk of harm to the plaintiff, that employee can be found

4

personally liable to the plaintiff. *Id.*

Given the Plaintiff's allegations in the Petition for Damages, the Court finds no basis for improper joinder in this case. The Court does not reach the question of whether Donna Davis will ultimately be liable to Plaintiff, but Plaintiff has sufficiently alleged a claim against Ms. Davis under Louisiana law. Thus, joinder of Donna Davis was proper, and removal was inappropriate in this case.

### III. Defendant's Motion to Supplement Petition for Removal

Because the Court grants the Plaintiff's Motion to Remand, the Motion to Supplement Petition for Removal is rendered moot. Moreover, the problem of a non-diverse defendant in this case cannot be cured by amendment of the removal petition.

### IV. Conclusion

Accordingly, Defendant's Motion to Supplement Petition for Removal should be and hereby is DENIED. Plaintiff's Motion to Remand is GRANTED.

New Orleans, Louisiana this 13 day of October, 2005.

UNITED STATES DISTRICT JUDGE